IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAVERN KOERNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07cv-588 (RMC) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO VACATE ENTRY OF DEFAULT
AND TO DISMISS COMPLAINT**

DEFENDANT, the United States of America, moves the Court to vacate the June 11, 2007 entry of default against the United States and to dismiss plaintiff's complaint on the grounds that he failed to serve the Internal Revenue Service and to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: June 13, 2007.           Respectfully submitted,

                                        /s/ Pat S. Genis
                                      PAT S. GENIS, #446244
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Washington, DC  20044
                                      Tel./FAX:  (202) 307-6390/614-6866
                                      Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2527291.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERN KOERNER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:07cv-588 (RMC) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO VACATE ENTRY OF DEFAULT AND TO DISMISS CASE

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code.1/ Plaintiff seeks damages for alleged unauthorized collection activities.

QUESTION PRESENTED

Plaintiff seeks damages under 26 U.S.C. § 7433. The complaint consists of generalized allegations without factual support. Should the Court vacate the entry of default against the United States and dismiss plaintiff's complaint for failure to properly serve the United States and for failure to state a claim upon which relief can be granted.

---

1/ This is plaintiff's third complaint with virtually the same allegations. (*See* Case nos. 05-1600, 06-24.) Plaintiff's first case was closed because he filed his second complaint (dkt. 15). His second complaint was dismissed for failure to exhaust administrative remedies (dkt. #15 & 16.) In addition, plaintiff has filed a claim under 26 U.S.C. § 7431 (no. 06-1633), which was dismissed for failure to state a claim (dkt. #11).

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Lavern Koerner, filed this complaint on March 26, 2007, and served the United States Attorney General and the United States Attorney for the District of Columbia on April 4, 2007.  Plaintiff did not serve the Internal Revenue Service.

On June 8, 2007, plaintiff filed an affidavit for default, and the Clerk entered a default against the United States on June 11, 2007.

2. <u>Relief sought and allegations in the complaint</u>.  The complaint seeks damages under 26 U.S.C. § 7433.  (Compl., Remedy Sought, at 24.)  Plaintiff has organized his complaint into 31 purported "counts" of alleged wrongdoing by the Internal Revenue Service.  In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.<u>2</u>/

---

<u>2</u>/ Plaintiff alleges that the Internal Revenue Service:  disregarded certain record-keeping requirements (counts 1-2, 20, 29); failed to prepare substitutes for returns for him (counts 3-8); forced him to use social security numbers (count 9); failed to comply with assessment procedures (counts 10-16, 18, 21-23); failed to send required notices (counts 17, 19, 24); failed to comply with section 6304 which prohibits harassing taxpayers (count 26); failed to provide them with hearings and mediation (counts 25, 27, 30-31); and improperly asserted tax liens (count 28).

ARGUMENT

I

PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(I); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of

process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff served the United States Attorney General and the United States Attorney for the District of Columbia; plaintiff, however, failed to serve the Internal Revenue Service. Rule 4(i) provides that an agency must be served "in any action attacking the validity of an order of an . . . agency of the United States." Fed.R.Civ.P. 4(i)(1)(C). Section 7433 allows a taxpayer to commence a legal action attacking a determination by the Internal Revenue Service when either of two events occurs: 1) when the Internal Revenue Service issues a determination letter; or 2) upon the lapse of six months from the time a taxpayer files an administrative claim for damages. *See* 26 C.F.R. § 301.7433-1(d)(1); *Lindsey v. United States*, 448 F.Supp.2d 37, 53 (D.D.C. 2006).

Plaintiff does not state whether he received a determination letter. If he received a determination letter, that letter constitutes the "order" which he is attacking. If he did not receive a determination letter, then the lapse of six months from the date he filed his claim constitutes a final agency decision in lieu of the determination letter.3/ Because plaintiff is attacking the actions of the Internal Revenue Service, he must serve the Internal Revenue Service.

---

3/ Six months had elapsed sent the Internal Revenue received plaintiff's administrative claim on August 29, 2006 (*see* compl. at IV) and March 26, 2007 when plaintiff filed this complaint.

2527291.1                                    4

Accordingly, since plaintiff failed to properly serve the United States, this Court should vacate the entry of default and dismiss this complaint.

II.

THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DAMAGES
FOR FAILURE TO STATE A CLAIM.

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks $10,000 for each alleged disregard of statutory requirements. (Compl., Remedy Sought, at 24.) Plaintiff's complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). Plaintiff's complaint, however, merely restates the statutory language and alleges no facts to support a claim for damages. Since plaintiff's compliant fails to provide either notice of the basis of his claims or the grounds upon which they rest, this court should conclude that plaintiff has not, in fact or law, stated a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Moreover, plaintiff has failed to state a claim under section 7433 because most of his allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign

immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). All allegations in plaintiff's complaint which involve *non-collection* activities are not cognizant under section 7433, and must be dismissed. These non-collection activities are found in counts alleging violations of record-keeping requirements, (counts 1-2 & 29); the preparation of substitutes for return for taxpayers who fail to file tax returns (counts 3-7); use of taxpayer identification numbers (count 9); assessment of taxes (counts 10-18, 22-23); collection due process hearings and mediation (counts 30-31), penalty determinations (counts 19-21) and disclosure of return information (count 8).

Plaintiff alleges only five counts that relate to collections. These five counts allege that the Internal Revenue Service: 1) failed to give them a 30-day notice before levy (count 24); 2 failed to notify them of the right to a hearing before levy (count 25); 3) failed to hold such a hearing before levy (count 27); 4) engaged in harassing behavior (count 26); and 5) failed to give notice or demand payment of taxes (count 28). Plaintiff's allegations, each of which is discussed below, have no factual support

whatsoever which sets forth the basis of his claim and shows hat plaintiff is entitled to relief. Thus, these allegations fail to state a claim.

First, plaintiff alleges that he was not given a 30-day notice before levy (count 24). Section 6331(d) states that "[l]evy may be made . . . upon the salary or wages or other property of any person . . . only after the Secretary ha notified such person in writing of his intention to make such levy . . . no less than 30 days before the day of the levy." 26 U.S.C. § 6331(d). Plaintiff has not alleged any facts from which the Court can determine that any levy was made for any tax year or tax liability that would require a 30-day notice.

Second, plaintiff alleges that the Internal Revenue Service failed to give him notice of a right to a due process hearing (count 25). Section 6330(a) provides for a 30-day notice of the right to a hearing before levy. Section 6330(a) states that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of his right to a hearing . . . not less than 30 days before the day of the first levy." 26 U.S.C. § 6330(a). Plaintiff, however, has not alleged any facts from which this Court can make a determination that he were entitled to such notice. Specifically, plaintiff has not indicated that any levy was made; the date of such levy, the taxes at issue, or any other facts from which this Court can find that he was entitled to relief under section 6330(a).

Third, plaintiff alleges that the Internal Revenue Service failed to hold a hearing before levy (count 27). Section 6330(b) provides for a hearing before a levy is made.

Section 6330(b) provides that a taxpayer is entitled to "notice and an opportunity for hearing upon filing of notice of lien." 26 U.S.C. §§ 6330(b). Upon the request of a taxpayer, one hearing will be held "with respect to the taxable period" described in the notice. 26 U.S.C. § 6320(b)(2). Plaintiff has not alleged any facts from which the Court could determine that he was entitled to notice or a hearing. He have not alleged that he requested any hearing, or identified any tax lien or levies at issue.

Fourth, plaintiff alleges that the Internal Revenue Service engaged in harassing conduct (count 26). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

Finally, plaintiff alleges that the Internal Revenue Service asserted a tax lien without proper notice and demand (count 28). The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303, and must give a taxpayer 30 days notice before it can make a levy. 26 U.S.C. § 6331(d)(2).4/  Again, plaintiff has provided no basis for his

---

4/  Section 6303 states that "the Secretary shall . . . within 60 days, after the making of an assessment of a tax . . . give notice to each person liable for the unpaid tax." 26 U.S.C. § 6303(a). Section 6321 provides that "[i]f any person liable to pay any tax neglects of refuses to pay the same *after demand*, the amount . . . shall be a lien in favor of the United States upon all property and rights to property . . . belonging to

allegations and has provided no information from which this Court can conclude that he is entitled to relief.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, he has failed to state a claim, and this Court should dismiss his complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65.

CONCLUSION

Plaintiff failed to properly serve the United States because he did not serve the Internal Revenue Service. And, plaintiff's claims which do not allege collection activities must be dismissed for lack of jurisdiction. The five allegations that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiff is entitled to relief under section 7433. Thus, these five claims must be dismissed for failure to state a claim for which relief can be granted.

---

such person." 26 U.S.C. 6321.

Therefore, this Court vacate the clerk's June 11, 2007 entry of default and dismiss plaintiff's complaint.

DATE: June 13, 2007.

                                        Respectfully submitted,

                                        /s/ Pat S. Genis
                                        PAT S. GENIS, #446244
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC  20044
                                        Tel./FAX:  (202) 307-6390/614-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERN KOERNER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:07cv-588 (RMC) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO VACATE ENTRY OF DEFAULT AND TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiff *pro se* on June 13, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Lavern Koerner
> *Plaintiff pro se*
> 15251 South 50th Street
> Apartment 2035
> Phoenix, AZ 85044

>                  /s/ Pat S. Genis
>                 PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAVERN KOERNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:07cv-588 (RMC) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### **O R D E R**

Having considered the United States' motion to vacate entry of default against the United States and to dismiss plaintiff's complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that the entry of default is VACATED;

ORDERED that defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiff' complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Lavern Koerner
*Plaintiff pro se*
15251 South 50th Street
Apartment 2035
Phoenix, AZ 85044