# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LaVern Koerner<br>    Plaintiff(s),<br>v.<br>United States<br>    Defendant. | Case No. 1:07-cv-00588 AMC<br><br>RESPONSE TO DEFENDANTS'<br>MOTION TO DISMISS |

Once again counsel waits until the court has entered a default against the United States and then chooses to file a motion to vacate and to dismiss. This has been a regular method of responding. Counsel has used this method regularly in responding to 7433 complaints and the court regularly allows the DOJ to wait until default has been entered and allows the DOJ to move to vacate and to dismiss.

Defendants' unsupported/naked Motion to vacate and dismiss raises the following failed grounds. (1) That plaintiff has failed to properly serve the United States. (2) that plaintiff has failed to state a claim. (3) that plaintiff has failed to state facts.

Defendants' motion makes the following admissions: (1) Defendant admits that plaintiff properly served the United States Attorney General and properly served the United States Attorney. Thus defendant admits that defendant had notice of the instant action with sufficient time to file an answer or otherwise respond to the instant complaint. Thus there is no justifiable reason for the tardiness of defendants' motion. (2) Defendant admits that plaintiff sent an administrative claim and that six (6) months elapsed and the IRS failed to respond to plaintiff's administrative claim. (3) Defendant admits that plaintiff need only make a short plain statement of plaintiff's claim. (4) Defendant admits that at least five (5)

LaVern Koerner v. United States        page 1 of 4 pages        Response to Motion to Dismiss
Case No.1:07-cv-00588

RECEIVED
JUN 2 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

of plaintiff's claims do state a claim upon which relief can be granted.

## DISCUSSION

Defendant admits that defendant was properly served and received notice of the instant matter. Defendant cites to Lindsey v. United States, 448 F.Supp.2d 37 (D.D.C. In Lindsey the court declined to dismiss on the grounds of improper service. Further if the Court concludes that the Internal Revenue Service should be served then the proper response is to allow plaintiff to serve the Internal Revenue Service.

Defendant admits that Rule 8 requires only a short plain statement of the claims made by the plaintiff. Defendant with the active assistance of counsel attempts to amend Rule 8 to require the inclusion of facts. Rule 8 is absolutely silent as to any requirement regarding facts. The word facts is not found in Rule 8. Plaintiff asserts that the Verified Complaint meets the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in Conley v. Gibson, 355 U.S. 41[1]. Plaintiff asserts that Conley v. Gibson is controlling on this issue Therefore, there are no facts before the Court to support defendants' false assertion. Neither the Court nor the defendant can read into plaintiff's verified complaint language that is not put there by the plaintiff.

There are no facts/evidence/sworn statements before the court certifying that all collection procedures were followed Neither the Court nor the defendant can read into plaintiff's verified complaint language that is not put there by the plaintiff.

---

[1] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

LaVern Koerner v. United States.
Case No. 1:07-cv-00588
page 2 of 4 pages
Response to Motion to Dismiss

Defendant asserts that at least five (5) of plaintiff claims stat a claim on which relief can be granted under §7433. As to the rest of plaintiff's claims defendant merely asserts that they fail to state a claim. Defendant gives no factual basis and/or evidence that they fail to state a claim upon which relief can be granted under §7433. Defendant places no facts/evidence before the court for the court to make a finding that plaintiff's complaint failes to meet the notice pleading requirements of Rule 8(a). Pursuant to the aforementioned admission of the defendant plaintiff's complaint should be allowed to move forward on at least the five (5) claims that defendant admits state a claim. As to defendants assertion that plaintiff provided no facts to support the aforementioned five (5) counts plaintiff has addressed that issue above.

Plaintiff has filed a verified complaint sworn to under penalty of perjury. Thus, plaintiff's verified complaint is an affidavit and is to be considered by the Court as a sworn statement. Defendants' motion fails to contain an affidavit and is therefore insufficient to overcome a sworn statement.

Wherefore, plaintiff having responded to defendants' motion to dismiss requests that the Court deny defendants' motion as frivolous and allow plaintiff's verified complaint to move forward or in the alternative consider plaintiff's sworn statement to be true and unrebutted by defendants' unsupported/naked motion and grant plaintiff summary judgement..

Dated _June 20_, 2007

_/s/ LaVern Koerner_
LaVern Koerner

LaVern Koerner v. United States.
Case No.1:07-cv-00588
page 3 of 4 pages
Response to Motion to Dismiss

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Pat Genis
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _June 20_, 2007

*LaVern Koerner* (signature)
LaVern Koerner