UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LAVERN KOERNER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-588 (RMC) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The Plaintiff, LaVern Koerner, complains that the Internal Revenue Service ("IRS") has acted improperly by disregarding various provisions of the Internal Revenue Code. Plaintiff sues for damages for alleged unauthorized collection activities. However, Plaintiff failed to serve the IRS; as a result, the time for the United States to respond to the Complaint never expired, and the United States never filed an Answer. The United States now seeks an order from this Court vacating a default obtained by Plaintiff. The United States also asks the Court to dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff opposes the Government's motion. The motion will be granted. The default obtained by Plaintiff will be vacated and the Complaint will be dismissed.

### I. BACKGROUND

Plaintiff seeks damages for alleged unauthorized collection activities by the IRS, under 26 U.S.C. § 7433. This is this Plaintiff's fourth complaint with virtually the same allegations. *See* Civil Case Nos. 05-1600 (case closed when Plaintiff filed second complaint); 06-24 (dismissed for failure to exhaust administrative remedies); 06-1633 (dismissed for failure to state a claim). This

Complaint advances 31 Counts of alleged wrongdoing by the IRS but it contains no factual allegations and only restates statutory language.[1] The Complaint was filed on March 26, 2007 and service was made on the United States Attorney General and the United States Attorney for the District of Columbia on April 4, 2007. Plaintiff did not serve the IRS.

On June 8, 2007, Plaintiff filed an affidavit for default, and the Clerk entered default against the United States on June 11, 2007.

## II. LEGAL STANDARDS

The Government moves to vacate entry of default against the United States and to dismiss Plaintiff's Complaint for failure to serve the IRS and for failure to state a claim upon which relief can be granted.

With respect to dismissal for insufficiency of service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5), "[i]f the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint . . . . Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service." *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Failure of service is a jurisdictional defect which is fatal. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges

---

[1] Plaintiff alleges that the IRS disregarded certain recording-keeping requirements (Counts 1-2, 20, 29); failed to prepare substitutes for returns (Counts 3-8); forced Plaintiff to use social security numbers (Count 9); failed to comply with assessment procedures (Counts 10-16, 18, 21-23); failed to send required notices (Counts 17, 19, 24); failed to comply with § 6304 which prohibits harassing taxpayers (Count 26); failed to provide hearings and mediation (Counts 25, 27, 30-31); and improperly asserted tax liens (Count 28).

the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of this 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). In deciding a 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).

### III. ANALYSIS

#### A. Clerk's Entry of Default is Vacated for Good Cause Shown

Default judgments are disfavored by modern courts. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, under Federal Rule of Civil Procedure 55(c), so long as judgment has not yet been entered, a default may be set aside for "good cause shown." *Id.* (quoting Fed. R. Civ. P. 55(c)). The decision to set aside an entry of default rests in the discretion of the district court. *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980). In exercising such discretion, a court must consider whether

> (1) the default was willful,
> (2) a set-aside would prejudice plaintiff, and
> (3) the alleged defense was meritorious.

*Id*. Federal courts favor trials on the merits. *Id*. at 374.

Under Rule 4(i) of the Federal Rules of Civil Procedure, the United States can only be served by: (1) delivering a copy of the summons and complaint to the U.S. Attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by

registered or certified mail addressed to the civil process clerk at the Office of the U.S. Attorney; *and* (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; *and* (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F. Supp. 332 (D.D.C. 1980).

This case is brought under 26 U.S.C. § 7433, which permits a taxpayer to sue for review of a determination by the IRS when either: (1) the IRS has issued a determination letter on a taxpayer's claim for damages or (2) more than six months has passed from the time the taxpayer filed an administrative claim for damages. *See* 26 C.F.R. § 301.7433-1(d)(1); *Lindsey v. United States*, 448 F. Supp. 2d 37, 53 (D.D.C. 2006). Six months had elapsed since the IRS received the Plaintiff's administrative claim on August 29, 2006 (*see* Compl. ¶ IV) and March 26, 2007 when the Complaint was filed. The Complaint does not indicate that Plaintiff received an IRS determination, but the lapse of six months without a determination letter constitutes final agency action, subject to suit. Plaintiff is attacking the actions of the IRS, under Fed. R. Civ. P. 4(i), and therefore Plaintiff must have served the IRS.

Because Plaintiff failed to serve the IRS, there was an error in effecting service and the Government had no obligation to file an Answer. The Government moves to vacate the default accordingly. The Court finds good cause and will vacate the entry of default.

**B. Dismissal is Warranted Under Federal Rules of Civil Procedure**

1. *Insufficient Service of Process*

Proper service of process (or waiver of service) is a prerequisite to the Court's

exercise of personal jurisdiction over a defendant. *Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350 (1999). When the United States has not been served properly, the Court has no personal jurisdiction and no power to compel an Answer or other response. *See Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir. 1966); *Ins. Corp. Of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J., concurring). As discussed above, Plaintiff failed to serve the IRS, the agency whose action is at issue.

Failure of service is a jurisdictional defect which is fatal. *Bland*, 271 F.2d 193. Accordingly, courts routinely dismiss actions when service is improper. *See Light*, 816 F.2d at 750. Once a defendant challenges the sufficiency of service of process, the plaintiff bears the burden of proving same. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980). Plaintiff here argues that proper service was made upon the Attorney General and the U.S. Attorney and that such service satisfies the requirements of the Rules. *See* Response to Defendants' Motion to Dismiss at 1 ("Pl.'s Opp.") ("[D]efendant[s] had notice of the instant action with sufficient time to file an answer or otherwise respond to the instant complaint. Thus there is no justifiable reason for the tardiness of [D]efendants' motion."). The Plaintiff misses the point: service on the United States requires service on the Attorney General, the U.S. Attorney, *and* the agency whose action is at issue. Fed. R. Civ. P 4(i). The United States is not "served" until and unless all three entities are served; therefore, there is no obligation for the United States to file any Answer or other pleading and default must be vacated.

Plaintiff also argues that if the IRS must be served, "the proper response is to allow [P]laintiff to serve the Internal Revenue Service." Pl.'s Opp. at 2. Plaintiff has had ample

opportunity, advised by the Government's pleadings, to cure the defect in service here. Plaintiff has taken no such action. Dismissal is the appropriate response because the Court has no jurisdiction.

## 2. *Failure to State a Claim*

Plaintiff asserts a claim for damages under 26 U.S.C. § 7433 and seeks $10,000 for each alleged disregard of statutory requirements. However, Plaintiff has presented the Court with only direct quotes from the statutory language and offered no facts to support the claims. Each Count begins with the following statement:

> On or about 1994 the IRS began tax collection action against plaintiff(s) [sic]. Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) [sic] owe(s) [sic] taxes for each and every year beginning with 1994. In connection with the aforementioned collection actions the IRS disregarded . . . . [statutory language] . . . .

Compl. Counts 1-31. Beyond this spare statement, the Complaint offers no additional factual aversions on which its claims might rest. While a complaint need set forth only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), it must at a minimum set forth sufficient facts to show "that the pleader is entitled to relief." *Id*. *See Twombly*, 127 S. Ct. at 1964-65. A plaintiff's obligation to provide a basis for his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The mere fact that the IRS has collected taxes from Plaintiff since 1994 does not intimate that the IRS has damaged Plaintiff in any way. Since the Complaint fails to provide notice of the basis of its claims or the grounds upon which they rest, Plaintiff has not, as a matter of law, stated any claim. Dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In addition, § 7433 affords a cause of action only when there are alleged improprieties

by IRS agents involved in activities which are related to the collection of taxes. *See, e.g.*, *Buaiz v. United States*, 471 F. Supp. 2d 129, 137 (D.D.C. 2007) ("§7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases). All allegations in the Complaint which involve non-collection activities are not actionable. These non-collection activities are found in alleging violations of record-keeping requirements (Counts 1-2 & 29); the preparation of substitutes for returns for taxpayers who fail to file income tax returns (Counts 3-7); use of taypayer identification numbers (Count 9); assessment of taxes (Counts 10-18, 22-23); collection due process hearings and mediation (Counts 30-31), penalty determinations (Counts 19-21) and disclosures of return information (Count 8).

Only five of the Counts in the Complaint relate in any way to the collection of taxes. These allege that the IRS: (1) failed to give Plaintiff a 30-day notice before levy (Count 24); (2) failed to notify Plaintiff of the right to a hearing before levy (Count 25); (3) failed to hold such a hearing before levy (Count 27); (4) engaged in harassing behavior (Count 26); and (5) failed to give notice or demand payment of taxes (Count 28). Even these allegations fail to state a claim, however, because (as determined above), they provide no factual basis showing that Plaintiff is entitled or may be entitled to a remedy. *See Twombly*, 127 S. Ct. at 1964-65.

### IV.  CONCLUSION

Plaintiff has failed to serve the agency whose actions Plaintiff challenges, the IRS. Therefore, Plaintiff has failed to serve the United States; default will be vacated and the Complaint will be dismissed for lack of proper service. Further, Plaintiff's claims that do not arise out of any collection activities must be dismissed for lack of jurisdiction. Finally, the five Counts that purport to allege collection activities are completely devoid of fact or information from which the United

States would have sufficient notice to prepare a defense. These five Counts will be dismissed for failure to state a claim on which relief can be granted. A memorializing order accompanies this memorandum opinion.


Date: October 29, 2007                                                        /s/
                                                          ROSEMARY M. COLLYER
                                                          United States District Judge